NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH LE, an individual, ) | CASE NO. CV 16-1562-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF AND |
| ) | CROSS-DEFENDANT'S MOTION TO |
| v. ) | STRIKE CROSS-CLAIMANT'S UNFAIR |
| ) | COMPETITION LAW CLAIM |
| ALJ INVESTMENT CO., LLC, a limited ) | |
| liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Before the Court is Plaintiff and Cross-Defendant's Motion to Strike Cross-Claimant's Unfair Competition Law Claim (Dkt. No. 23) which was filed on November 7, 2016.  Having been thoroughly briefed by Plaintiff, and Defendant's time to respond having elapsed, this Court took the matter under submission on November 28, 2016.

Plaintiff's Motion to Strike is an Anti-SLAPP motion.  Anti-SLAPP motions are made to strike a strategic lawsuit against public participation ("SLAPP").  "California's Anti-SLAPP law . . . was passed . . . in response to the legislature's concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights."  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970 (9th Cir. 1999).  Anti-SLAPP motions

1 are available in federal court when applied to claims based on California law. *Id.* at 973. The
2 moving party in an anti-SLAPP motion must make a prima facie showing that the cause of action
3 arises from activities protected by the right of free speech. *Club Members for an Honest Election*
4 *v. Sierra Club*, 45 Cal. 4th 309, 315 (2008). The anti-SLAPP statute protects "any written or oral
5 statement or writing made before a legislative, executive, or judicial proceeding . . . authorized by
6 law." Cal. Civ. Proc. Code §425.16(e)(1). Upon such a showing, the burden switches to the non-
7 moving party to show a probability of success on the merits of the claim. *Club Members,* 190 F.3d
8 at 316.

9 Plaintiff alleged two causes of action against Defendant in the Complaint: (1) violation of
10 the Unruh Civil Rights Act and (2) violation of the Americans with Disabilities Act. In its answer,
11 Defendant alleged four crossclaims against Plaintiff. At issue in this Motion, Defendant alleged a
12 violation of the California Business and Professions Code §17200 for unfair business practices.
13 Defendant's cross-claim alleges that Mr. Le is involved in the "business of generating, initiating,
14 and perpetuating claims against businesses" for depriving him of his rights.

15 Mr. Le argues in his Motion to Strike that the crossclaim for violation of §17200 is
16 intended to punish him for exercising his right to file a lawsuit. The crossclaim states a claim
17 against Mr. Le for "filing legal actions" and "initiating and perpetuating claims against businesses
18 . . . ." The action of filing a complaint and pursuing rights under the laws of California and the
19 United States in federal court qualifies as a protected activity. Most simply, a complaint is writing
20 filed in a judicial proceeding. This activity is squarely within the definition of activities protected
21 by the anti-SLAPP statute. Furthermore, filing a claim and pursuing a right guaranteed under the
22 law is a foundational right protected by freedom of speech. Accordingly, Mr. Le has successfully
23 made a prima facie showing that the cause of action arises from protected actions.

24 Defendant failed to respond to the Motion to Strike. Local Rule 7-12 allows a court to
25 treat failure to respond to a motion as consent to the granting of that motion. L.R. 7-12. In
26 addition to the permissible inference that Defendant consents to the granting of the Motion to
27 Strike, by failing to respond, Defendant has failed to satisfy its burden under the anti-SLAPP
28 analysis. Defendant did not show that it has a probability of success on the merits of its §17200

1  claim.  This Court is also convinced by the very nature of the claim that it is unlikely to succeed.

2  Mr. Le does not own a business, does not have a job, and is not in business.  See *Molski v. M.J.*

3  *Cable, Inc.* 481 F.3d 724, 732 (9th Cir. 2007) (holding that an individual is not a business by

4  virtue of repeated ADA litigation).  The success of a §17200 claim for an "unfair . . . *business* act

5  or practice," California Business & Professions code §17200 (emphasis added), against Mr. Le as

6  an *individual* is dubious at best, much less probable.  Counter-Plaintiff's failure to respond, failure

7  to meet its burden to prove a probability of success, and the lack of merit to the claim as a whole

8  show a total failure to rebut the Anti-SLAPP Motion.

9      Plaintiff successfully made a prima facie showing that his legal filings based on the Unruh

10  Civil Rights Act are a protected activity.  Defendant failed to rebut Plaintiff's showing in any way.

11  Accordingly, the Anti-SLAPP Motion is granted.

12      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Cross-Claimant's Unfair

13  Competition Law Claim is GRANTED.  (Dkt. No. 23).

14  Dated: January 5, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE