NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH LE, an individual, | CASE NO. CV 16-1562-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |
| v. | |
| ALJ INVESTMENT CO., LLC, a limited liability company, | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 30) which was filed on January 26, 2017. Having been thoroughly briefed by both parties, this Court took the matter under submission on February 28, 2017.

Previously, this Court granted Plaintiff's Motion to Strike Cross-Claimant's Unfair Competition Law Claim. (Dkt. No. 29). Based on that Order, Plaintiff now requests compensation for time filing the Anti-SLAPP Motion to Strike. California Code of Civil Procedure section 425.16 (b) provides in relevant part that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike, unless the court determines that the plaintiff has

1  established that there is a probability that the plaintiff will prevail on the claim." If a court grants
2  a special motion to strike under Section 425.16, the "prevailing defendant . . . shall be entitled to
3  recover his or her attorney's fees and costs." Cal. Code Civ. Proc. § 425.16(c)(1). Thus "any
4  SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."
5  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

6      District courts must calculate attorney's fees using the lodestar method. *Ferland v. Conrad
7  Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The lodestar figure is calculated by
8  multiplying the reasonable hours expended by a reasonable hourly rate. *Id*. "Although in most
9  cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if
10  circumstances warrant, adjust the lodestar to account for other factors which are not subsumed
11  within it." *Id* (citation omitted).

12      Plaintiff argues that he is entitled to a total award of $14,925 in attorney's fees. Plaintiff
13  reached that amount by multiplying 39.8 hours expended by counsel's hourly rate of $375 per
14  hour. In its opposition to the motion, Defendant does not argue that Plaintiff is not entitled to fees,
15  but rather that the fees requested by Plaintiff are block-billed and unreasonable. This Court finds
16  that Plaintiff is in fact entitled to fees under Section 425.16(c)(1) and that Plaintiff's counsel's
17  hourly rate of $375 is reasonable. Defendant does not dispute either of these findings. Thus, the
18  only remaining issue is to determine the number of hours reasonably expended by Plaintiff's
19  counsel in support of the Anti-SLAPP Motion to Strike.

20      "'Block billing' is the time-keeping method by which each lawyer and legal assistant
21  enters the total daily time spent working on a case, rather than itemizing the time expended on
22  specific tasks." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007).
23  Courts may properly reduce attorney's fees that are block-billed if the block billing makes it more
24  difficult to determine how many hours were spent on particular activities. *Id.* at 948. Here,
25  however, the Court is satisfied that Plaintiff has met his burden to sufficiently document the hours
26  expended on the specific tasks. In her reply, Plaintiff prepared a new fee statement which broke
27  up any tasks that were combined initially. This would surely rectify all of Defendant's block-
28  billing concerns, however, though it was helpful, it was not necessary. Plaintiff's initial fee

1  statement was sufficiently detailed to allow the Court to assess the reasonableness of the time
2  spent on the matter.  For example, Plaintiff's statement for October 5, 2016 listed 1.4 hours for
3  "review[ing] re-filed answer and counter claim and confer[ring] with client."  Defendant argues
4  that this block billing prevents an assessment of the reasonableness of that entry.  The Court
5  disagrees.  Though the entry may contain multiple steps, i.e. reviewing and conferring, they were
6  both a part of the same task.  This is not a case of totaling daily time rather than itemizing the time
7  to specific tasks.  The other entries which Defendant claim amount to block billing are the same.
8  Accordingly, this Court finds that the hours were not inappropriately block-billed.

9       Finally, Defendant argues that various entries were unreasonable and excessive.  However,
10 after reviewing the billing statement, this Court finds that the hours expended were reasonable for
11 the tasks to which they correspond.  Plaintiff's Anti-SLAPP Motion to Strike is not a particularly
12 common motion in this type of case.  Defendant's counter-claim which Plaintiff was attempting to
13 strike was unusual.  As such, it is quite understandable that a substantial amount of research,
14 preparation, and drafting would be required for the Motion.  Plaintiff spent  nearly 40 hours
15 between the Motion to Strike and the Motion for Attorney's Fees.  Each billing entry was a
16 reasonable amount of time to devote to each task.  Accordingly, the Court finds that the hours
17 billed were reasonable.

18     Having found both the rate and hours to be reasonable, the lodestar method results in an
19 award of $14,925 in attorney's fees.

20     **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees is GRANTED.
21 (Dkt. No. 30).
22 Dated: March 30, 2017.

23
24
25                             MANUEL L. REAL
26                     UNITED STATES DISTRICT JUDGE
27
28